UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-mj-03816-Louis

UNITED STATES OF AMERICA,

v.

JUNIOR XAVIER CHIRINO-LOVERA, et al.,

       Defendants,
_____/

FILED BY __dgj__ D.C.
Oct 25, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIA

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? __ Yes  X  No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? __ Yes  X  No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY: /s/ Yvonne Rodriguez-Schack
YVONNE RODRIGUEZ-SCHACK
Assistant United States Attorney
Southern District of Florida
Florida Bar No.: 794686
99 Northeast 4th Street
Miami, Florida 33132-2111
305.961.9014
305.536.7213 Facsimile
Yvonne.Rodriguez-Schack@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JUNIOR XAVIER CHIRINO-LOVERA,<br>JOSE GREGORIO VALENCIA,<br>and ALEJANDRO GUERRERO,<br>*Defendant(s)* | )<br>)<br>) Case No. 1:22-mj-03816-Louis<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  October 18, 2022  in the county of  Miami-Dade  in the Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

Lewis Hosch, Special Agent, DEA
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by  Facetime

Date: Oct. 25 2022

*Judge's signature*

City and state:  Miami, Florida   Honorable Lauren F. Louis, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Lewis Hosch, being duly sworn, hereby depose and state as follows:

1. I am employed as a Drug Enforcement Administration ("DEA") Task Force Officer with the Miami Field Division since 2019. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21, and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Special Agent with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics trafficking organizations operate, including maritime drug traffickers. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts contained in this Affidavit are based on my personal knowledge as well as information provided to me. Because this Affidavit is being submitted solely for the purpose of establishing probable cause, it does not contain all of the information known about this investigation. This Affidavit is submitted for the limited purpose of establishing probable cause that Junior Xavier Chirino-Lovera, Jose Gregorio Valencia and Alejandro Guerrero did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

3. On October 18, a Marine Patrol Aircraft detected a go-fast vessel ("GFV") located approximately 128 nautical miles north of Punta Gallinas, Colombia in international waters and upon

the high seas. The GFV had three individuals on board, a large amount of fuel drums and did not display any indicia of nationality. The United States Coast Guard ("USCG") Cutter VENTUROUS which was in the area was diverted to interdict and investigate. USCG sought and secured a Statement of No Objection to include Airborne Use of Force, along with a Right of Visit boarding to stop a non-compliant vessel including the use of warning and disabling fire as the GFV reasonably suspected of drug smuggling and displaying no indicia of nationality and operating in international waters.

4. USCG Cutter VENTUROUS launched both a helicopter and an Over the Horizon ("OTH"), a small boat with a boarding team on board. Upon counter-detection, the USCG observed the individuals on board the GFV begin to jettison packages while they fled. The USCG helicopter employed warning shots which were ineffective. The helicopter was then forced to employ disabling fire on the GFV which were effective. The individuals on board the GFV then began jettisoning what appeared to be electronic equipment.

5. The USCG Boarding Team was able to obtain positive control of the GFV and the individuals on board who were later identified as Junior Xavier Chirino-Lovera, Jose Gregorio Valencia and Alejandro Guerrero.

6. The boarding officer asked who the master or individual in charge was. None of the three individuals identified themselves as either the master or individual in charge. When asked if they wished to make a claim of nationality for the vessel, all three refused. Based on all three refusing to make a claim of nationality for the vessel, the vessel was treated as a stateless vessel subject to the jurisdiction of the United States. A full law enforcement boarding followed.

7. The USCG recover 19 bales from the water which had been jettisoned. Three field tests conducted on the substance inside the bales yielded a positive result for cocaine. A total of

604 kilograms of cocaine was seized. All three individuals along with the suspected cocaine was transferred to the VENTUROUS.

8. Based upon the information provided above, I respectfully submit probable cause exists to believe Junior Xavier Chirino-Lovera, Jose Gregorio Valencia and Alejandro Guerrero, did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

FURTHER AFFIANT SAYETH NAUGHT.

_____
Special Agent Lewis Hosch
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime this _25_ day of October, 2022.

_____
HONORABLE LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

3